Entered on Docket
May 11, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: May 11, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 20-30731-DM |
| SPEEDBOAT JV PARTNERS, LLC, | ) |
| | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |

**MEMORANDUM DECISION REGARDING FINAL FEE APPLICATION**

On May 2, 2022, the court held a hearing on Debtor's former counsel St. James Law, P.C.'s Final Fee Application (Dkt. 216). Appearances were made on the record.

The Final Fee Application is before the court following a hard-fought chapter 11 battle that included skirmishes over the value of the Debtor's real property and a contentious confirmation trial that ultimately failed.

The Final Fee Application reflects the difficulties involved in the case. The court also notes that the Debtor's Opposition to Final Fee Application (Dkt. 221) does not challenge or even question specific work enumerated in the Final Fee Application, and solely focuses on Debtor's potential malpractice claim it wishes to pursue against counsel. Counsel has conceded that he will not assert a res judicata or claim

-1-

preclusion defense based on any allowance of fees by this court and has proposed a reservation of rights regarding the pursuit of any malpractice claim to be reflected in the court's order to be issued following this decision. The court finds this reservation to be an appropriate course of action, rather than denying or delaying earned fees.

Despite Debtor's lack of specific objections to the Final Fee Application, the court has an independent duty to review fee applications for reasonableness. The court concludes that most of the fees requested are reasonable, particularly given the unusual facts of the case and the reluctance of the Debtor to provide the necessary facts and proof to produce a confirmable plan that would have avoided conversion. The court particularly commends counsel for his voluntary fee reductions, as they reflect good billing discipline that should be more widely applied by members of the bankruptcy bar in other cases.

For the foregoing reasons, the court HEREBY GRANTS the Final Fee Application with the following adjustments:

1. Part A, entry for 9/19/2020 is reduced by $325.00;
2. Part D, entry for 11/23/2020 is reduced by $325.00;
3. Parts I and J, entries reflecting the amount of time spent related to the unsuccessful challenge to the qualification of Mr. Johnson, Wilmington's appraiser, are reduced by $2,500;
4. Part J, entries related to excessive work considering Debtor's refusal to identify a critical lender as detailed in the Debtor's Statement (Dkt. 136) are reduced by $1,500; and

-2-

5. The approval of counsel's fees does not in any way preclude or limit Debtor's ability to pursue a legal malpractice claim against counsel, or any defenses available to counsel.

Counsel for the Debtor may release the funds held in trust in the amount of $165,647.35 to counsel as an allowed administrative claim upon entry of an agreed order to be submitted to the court.

**\*\*END OF MEMORANDUM DECISION\*\***

COURT SERVICE LIST

Marc Shishido
PO Box 27421
San Francisco, CA 94127

-4-